The People of the State of Illinois ex rel. Edward J. Barrett v. First State Bank and Trust Company of Canton.
Robert W. Albright, Receiver of the First National Bank of Canton, Appellant, v. William L. O'Connell, Receiver of the First State Bank and Trust Company of Canton, Appellee.

Gen. No. 8,895.

Opinion filed July 17, 1935.

LYLE THOMAS, of Lewistown, for appellant.

GLENN RATCLIFF, of Lewistown, and SCOTT W. LUCAS, of Havana, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.
M. D. Lawler, appellant, was duly appointed receiver of the First National Bank of Canton by the comptroller of currency, and as such receiver filed his intervening petition in the circuit court of Fulton county in a pending case, entitled The People of the State of Illi-

nois, ex rel. Edward J. Barrett, Auditor, etc., v. The First State Bank and Trust Company of Canton, praying that an order be entered decreeing that appellant, as such receiver of the First National Bank of Canton, is entitled to a preference and priority in payment of the sum of $2,385, evidenced by a cashier's check issued by said First State Bank and Trust Company, payable to the order of G. W. Smith, vice president of said First National Bank, and ordering said Wm. L. O'Connell as such receiver to pay appellant said sum of $2,385.

Both of these banks had conducted a banking business for many years in the city of Canton, and on March 4, 1933, all banking institutions in the State of Illinois were closed under authority of the State of Illinois, and afterwards, on March 6, 1933, under proclamation of the President of the United States, and neither was given authority to reopen for business, and both banks were placed in receivership.

The death of M. D. Lawler, receiver for said First National Bank of Canton, having been suggested, an order was entered by this court substituting Robert W. Albright receiver for said First National Bank of Canton as appellant.

The record in the case discloses that on March 3, 1933, the First National Bank received in the regular course of business a check in the sum of $2,385, signed by one Charles Stein, and drawn on the First State Bank, which was duly indorsed by the payee and the same was cashed by said First National Bank and paid in full.

During the business hours on said day the First National Bank, through Harvey L. Barth, its teller and bookkeeper, presented said check to the First State Bank, which was duly honored, and the same was charged to the account of Charles Stein, who had on deposit an amount sufficient to pay the check in full, and thereupon said First State Bank issued the

cashier's check in question and delivered the same to said Harvey L. Barth.

It also appears that, at that time and until the closing of the bank on said date, said bank had on hand cash in excess of the amount of said check. Neither bank opened for the transaction of business on the following day, and both banks were later placed in the hands of receivers.

A stipulation was entered into by the parties as to some of the facts, and Harvey L. Barth, who was teller and bookkeeper of the First National Bank, testified as a witness.

He testified that on March 3, 1933, G. W. Smith, vice president of the First National Bank, called him to his desk and handed him the Charles Stein check in the sum of $2,385, drawn on the First State Bank. It was past the legal hour of clearance, and it being a large item he wanted to be sure that the check was good. This was about 2:30 p. m. He asked me to take it over to the First State Bank and present it to them, which I did. The custom was to clear all checks, in the three banks in Canton, at the hour of 12:45 p. m. each day. Each bank gathered their items together, drawn on the other two banks, and the Canton National Bank acted as the clearing house for the three banks in the city. Settlement was made in cash or draft on correspondent banks in Chicago or New York.

He further testified he took the check over and presented it and it was accepted, and the cashier's check was handed to him and he took it back and gave it to Mr. Smith, and that was the extent of his connection with the check. Neither bank had any account with the other bank.

Barth testified, the cashier's check was received by me in lieu of cash on March 3, 1933, and in payment of the Stein check. It was received as remittance on that check.

Appellant maintains that the trial court erred in its order disallowing the claim of the receiver of the First

National Bank of Canton as a preferred claim and allowing the same as a general claim against said First State Bank and Trust Company of Canton.

Appellant relies upon paragraph 2, section 13, of the Bank Collection Act (section 2, ch. 16a, ¶ 37, Cahill's Rev. St. 1933) as conclusive of the issues presented for determination by the court. He says that a representative of the First National Bank of Canton presented the Stein check to the First State Bank and Trust Company of Canton, and said drawee bank charged the same to the account of its customer and issued and delivered to said representative its cashier's check for $2,385, which check was thereafter presented to the receiver of said First State Bank and Trust Company for payment and payment was refused, which clearly established the right to a preferred claim under the provisions of said act.

Appellee agrees that the interpretation of this section is the principal issue in the case, but charges that appellant has omitted all mention of that portion of paragraph 2, section 13, of the act, which in effect provides if settlement has been made by the payor bank by giving an unconditional credit on its books to the party presenting the check for payment under circumstances creating the relation of debtor and creditor, no preference shall be allowed.

The cashier's check in question reads as follows:

CASHIER'S CHECK                                      No. 3825

Pay to the order of
G. W. Smith V Pres 1st Nat Bk Canton Ill   $2385.00

| 1st State Bank & Trust·Co | 2385 Dols 00 cts. | Dollars |
|---|---|---|

To
First State Bank & Trust Co.                Geo. W. Lane
70–222 Canton, Illinois 70–222              A Cashier

The provisions of the act referred to, necessary to be considered in determining the question presented;

are contained in paragraph 2, section 13, of said act, and are as follows:

When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, . . . and such owner or owners shall be entitled to a preferred claim upon such assets. . . .

In other words, if a person presents for payment at a bank an item drawn upon or payable by or at such bank by one who has on deposit in the bank an amount sufficient to pay such item, and the same is charged to the account of the maker or drawer thereof, or his liability thereon is otherwise discharged, and such item has been paid or settled for by such drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, and the payor bank fails, the owner of such item shall not be entitled to a preferred claim upon the assets of the drawee or payor bank.

It clearly appears from the evidence that the First National Bank of Canton presented to the First State Bank and Trust Company of Canton the check drawn

upon said bank by Charles Stein who had on deposit an amount sufficient to pay said check, and which check was charged to his account and settled for by the First State Bank and Trust Company giving to the First National Bank its cashier's check, which was accepted by said bank in lieu of cash.

In construing a provision of an Act of the General Assembly of the State of South Carolina which was in the language of paragraph 2 of section 13 of the Bank Collection Act of this State the Supreme Court of said State held that under the facts the cashier's check in question in that case was simply evidence of a debt due by the bank, and established the relation of debtor and creditor. (*South Carolina State Bank v. Citizens' Bank,* 173 S. C. 496, 176 S. E. 346.)

L. B. Rogers had sold some cotton seed to Swift & Co., and the representative of Swift paid for the same by means of a "seed ticket" for $1,379.24; this seed ticket was to all intents and purposes a draft on Swift & Co. of Columbia, and drawn through the Farmers' & Merchants' Bank of Lotta. Rogers went to the Lotta bank to cash the seed ticket and was told by the cashier that the bank did not have sufficient funds on hand for that purpose. Rogers walked out of the bank and was followed by an assistant cashier who offered him $100 in cash and a cashier's check for the balance. This arrangement was agreed to, and the $100 in cash was paid and Rogers stated, "So I swapped him the ticket for a cashier's check." Rogers deposited the cashier's check in a bank at Dillon for collection. The Farmers' & Merchants' Bank at Lotta closed its doors before its cashier's check was paid and the Citizens Bank was appointed receiver. The South Carolina State Bank filed a claim against the receiver on behalf of Rogers as a preferred claim.

The court held: The cashier's check given to Rogers was simply the evidence of a debt due Rogers by the bank. As the bank was unable to cash the seed ticket,

Rogers being fully informed of this fact, the transaction was closed by the giving of the cashier's check, which amounted to no more than a promise to pay at a future day, and thereby established the relation of debtor and creditor without security.

In the case under consideration the First National Bank of Canton had the option of taking cash in payment of the Stein check, but elected to take a cashier's check in lieu thereof, which amounted to an unconditional credit upon the books of the First State Bank, and the issuing of the cashier's check by the First State Bank and Trust Company and the acceptance of the same by the First National Bank under the facts and circumstances constituted said First State Bank and Trust Company a debtor therefor and closed the transaction.

The cashier's check was an unconditional promise on the part of the First State Bank and Trust Company to pay to the order of the First National Bank the amount therein specified at some future time and created the relationship of debtor and creditor.

We are of the opinion that the facts bring appellant clearly within the exceptions contained in said paragraph 2 of section 13 of the Bank Collection Act, and that he is not entitled to the preference claimed.

The decree of the circuit court of Fulton county is affirmed.

*Affirmed.*